**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5589-15T4

JACQUELINE SCHIAVO,
NOELIA LOPEZ, CINDY
NELSON, TARA KENNELLY,
and TANIA NOUEL,

      Plaintiffs-Appellants,

v.

MARINA DISTRICT
DEVELOPMENT COMPANY,
LLC, d/b/a BORGATA CASINO
HOTEL & SPA,

      Defendant-Respondent.

_____

Submitted March 13, 2019 – Decided May 20, 2019

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2833-08.

Herman Law Offices, LLC, attorneys for appellants (Robert D. Herman, of counsel and on the briefs).

Morgan Lewis & Bockius LLP, and Cooper Levenson PA, attorneys for respondents (Michelle S. Silverman,

Emily C. DeSmedt, and Russell L. Lichtenstein, on the brief).

PER CURIAM

Plaintiffs Jacqueline Schiavo, Noelia Lopez, Cindy Nelson, Tara Kennelly, and Tania Nouel appeal from the trial court's July 15, 2016 order, granting summary judgment dismissing their claims that defendant Marina District Development Company (Borgata) subjected them to a hostile work environment in violation of the Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. Plaintiffs contend that our prior opinion, reversing the trial court's initial grant of summary judgment on those claims, was binding on the trial court, which erred in once again dismissing the case on remand. See Schiavo v. Marina Dist. Dev. Co., LLC, 442 N.J. Super. 346 (App. Div. 2015). In the circumstances of this case, we agree with that argument. We reverse the order on appeal and remand the case for trial.

To put the issue in context, we summarize pertinent information from the prior appeal. Plaintiffs, and several other women who were hired to work as costumed beverage servers in defendant's "BorgataBabes" program, claimed that "defendant's adoption and application of personal appearance standards (the PAS) subjected them to illegal gender stereotyping, sexual harassment, disparate treatment, disparate impact, and as to some plaintiffs, resulted in adverse

employment actions." Schiavo, 442 N.J. Super. at 357. We affirmed in part and reversed in part the trial court's original order, which dismissed all of the plaintiffs' claims on summary judgment.[1] At the beginning of the opinion, we summarized our holding, preserving plaintiffs' harassment claims, in the following unambiguous language:

> We have considered plaintiffs' claims and conclude all facial discrimination challenges to the PAS are time-barred or unsupported. We also conclude the LAD does not encompass allegations of discrimination based on weight, appearance, or sex appeal. However, we determine the motion judge erred in concluding the record was insufficient to present a prima facie claim of sexual harassment hostile work environment discrimination. Certain plaintiffs, whose lack of compliance resulted from documented medical conditions or post-pregnancy conditions, have presented a material dispute of facts regarding defendant's application of the PAS weight standard resulting in harassment because of their gender. As to those claims, summary judgment is reversed and the matter remanded. As to all other claims, for the reasons discussed in our opinion, we affirm.
>
> [Id. at 358-59 (emphasis added).]

---

[1] Four of the eleven plaintiffs whose claims we remanded reached settlements with defendant. Five of the remaining seven plaintiffs participated in this appeal.

Later in the opinion, we further addressed plaintiffs' individual claims of

hostile work environment, stating:

> The record include[d] evidence of several plaintiffs who experienced discriminatory interactions following pregnancies or documented medical conditions, most of which were specific only to women, in the course of enforcing the weight standard.
>
> Following our review, we agree material factual disputes regarding harassment experienced by some plaintiffs made summary judgment dismissal of their claims unwarranted. It is important to understand that although all plaintiffs couched their testimony in the context of enforcement of the PAS, the claims are not discriminatory because of weight per se, but because of a gender specific characteristic such as pregnancy or a medical condition such that the weight comments actually targeted women. In essence, but for the subjected plaintiffs' sex, they would not have been the object of the harassment.
>
> [Id. at 387-88 (emphasis added).]

Our opinion recited specific examples of such evidence pertaining to each

of eleven plaintiffs litigating the original appeal. Id. at 388-89. The following

examples concern the five plaintiffs involved in the current appeal:

> (3) Kennelly was required by her shift manager Diane Hardie to wear a maternity costume in the early stages of her pregnancy, prior to any need to do so. When she returned from maternity leave, Hardie expressed disbelief [that] Kennelly's weight was within limits and required Kennelly to undergo a weigh-in twice during that day.

4

. . . .

(5) Lopez suffered severe asthma following her child's birth for which she was prescribed several medications that impacted her weight. Despite medical documentation, she was suspended for violating the PAS weight standard. Although she was shortly reinstated, she received only partial compensation. Later, despite Lopez's medical condition, Singe Huff, Borgata's Vice President of Talent, insisted Lopez lose one pound per week. Her physician documented the health detriment she would suffer to accomplish such weight loss, which Huff rejected.

(6) Nelson was weighed despite being pregnant and was told by Hardie it was 'just in case you're just getting fat and that's the real reason why you want to wear [the maternity costume].'

(7) Nouel recounted offensive comments by Jeffrey Rankin, in the presence of her shift manager Stephanie Brown[,] that women who have children should not come back to work because they get fat.

. . . .

(9) Schiavo grieved a suspension for failing to comply with the PAS weight standard. Her medical documentation explaining [that] post-surgery medication contributed to her weight gain was rejected.

[Ibid.]

Our opinion further stated that additional evidence in the record "reinforce[d] similar hostile work environment allegations, unmitigated by defendant's management." Id. at 389.

A-5589-15T4

We concluded that although "enforcement of the PAS weight standard alone may not violate the LAD, the complained of conduct reflects a pattern of discriminatory comments toward women suffering medical conditions or returning from maternity leave that present a prima facie cause of action." Id. at 390. We stated that, viewing the evidence in the light most favorable to plaintiffs, they had made a "prima facie showing of harassment against women because of their gender, which 'a reasonable woman would consider sufficiently severe or pervasive to alter the conditions of employment and create an intimidating, hostile, or offensive working environment.'" Ibid. (quoting Lehmann v. Toys 'R' Us, Inc., 132 N.J. 587, 603-04 (1993)). We held that the record was "adequate to create a substantial dispute of material facts that the harassment alleged was gender based, defeating summary judgment." Ibid. (citation omitted). While we did not specifically state that on remand the case should be tried unless settled, that was the clear import of our holding.

A decision of this court is binding on the trial court on remand. See Slowinski v. Valley Nat'l Bank, 264 N.J. Super. 172, 179 (App. Div. 1993). If we decided the issue on appeal, the parties may not re-litigate the issue in the trial court. Baker v. Nat'l State Bank, 353 N.J. Super. 145, 170 (App. Div. 2002). While the law of the case doctrine is discretionary as between courts of equal

6

jurisdiction, that principle does not apply as between the Appellate Division and a trial court handling the same case. See Lombardi v. Masso, 207 N.J. 517, 539 (2011); Tully v. Mirz, 457 N.J. Super. 114, 128 (App. Div. 2018). "It is the responsibility of a trial court to comply with the pronouncements of an appellate court," and it is therefore a trial judge's "peremptory duty . . . on remand, to obey the mandate of the appellate tribunal precisely as it is written." Jersey City Redevelopment Agency v. Mack Props. Co. No. 3, 280 N.J. Super. 553, 562 (App. Div. 1995) (citations omitted). Although "[t]rial judges are privileged to disagree with the pronouncements of appellate courts," that privilege "does not extend to non-compliance." Reinauer Realty Corp. v. Borough of Paramus, 34 N.J. 406, 415 (1961).

On remand here, our decision was the law of the case and our legal conclusions, drawn from the evidence, were binding on the trial court. The trial court had no authority to reconsider the same evidence we reviewed and reach a different legal conclusion from that evidence.[2] On remand, the trial court

---

[2] Ordinarily, a trial court has authority to reconsider its own interlocutory orders, including summary judgment orders. See Lombardi, 207 N.J. at 533. However, that principle does not normally apply after we reverse a trial court's summary judgment order on the merits. Id. at 538-40. On the other hand, if a party obtains new evidence, post-remand, a second summary judgment motion may appropriately lead to a different outcome. See Baker, 353 N.J. Super. at

initially signaled its intent to schedule a trial. However, in an effort to avoid a trial, defendant sought and obtained the trial court's permission to "renew" its summary judgment motion. On that motion, defendant submitted the previous summary judgment evidence, plus a small amount of additional evidence not previously submitted on the pre-appeal summary judgment motion. Only a few of those documents concerned these five plaintiffs. Moreover, defendant's appellate brief does not explain how any of those new documents affect the material factual disputes we cited in our opinion. Instead, defendant's brief re-argues the evidence submitted on its original summary judgment motion, citing to the statement of undisputed material facts it filed in 2013.

As reflected in the trial court's opinion, defendant argued to the trial court that "the Appellate Division did not review the specific record evidence supporting each of the Plaintiffs' individual claims of hostile work environment, and thus, it is appropriate for [the trial court] to do so in the context of its

---

170. For example, if we remanded because summary judgment was granted before discovery was completed, the trial court would be free to reconsider the summary judgment issues on a new motion filed after the parties complete discovery.

renewed [m]otions for [s]ummary [j]udgment." That argument was a distortion of our opinion, which clearly reflected our review of the evidentiary record.[3]

In deciding the motion, the trial court characterized our opinion as finding "that the [trial court] ruled prematurely by failing to make sufficient [f]indings of [f]act" in deciding the original summary judgment motion. That was a misreading of our opinion. We did not criticize the trial court for making insufficient factual findings. Rather, after de novo review of the record, we held as a matter of law that the evidence plaintiffs produced raised material disputes of fact on their harassment claims, thereby precluding summary judgment on those claims. We therefore remanded the harassment claims to the trial court. The trial court should have followed its initial inclination and scheduled the case for trial, instead of giving defendant a second bite of the apple on summary judgment issues this court already decided.

As we previously held, plaintiffs' evidence, considered as true and viewed in the light most favorable to them, raised material factual disputes as to their harassment claims. After a decade of motion practice and appeals, plaintiffs are

---

[3] Defendant's appellate brief presents the same inaccurate interpretation of our opinion. Defendant also misplaces reliance on an unpublished decision in a case where, on remand, both sides consented to the trial court deciding the case on summary judgment.

A-5589-15T4

entitled to their day in court.  We reverse the order on appeal and remand this case for trial.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION